IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASON C. ANDERSON,<br><br>                    Plaintiff,<br><br>v.<br><br>MICHAEL L. COUNTS, CHERYL LYNN MIXON AND MARK W. EVERSON,<br><br>                    Defendants. | 1:07-cv-192-WSD |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Jason C. Anderson's ("Plaintiff") Motion for Default Judgment [8] and Defendants Michael L. Counts, Cheryl Lynn Mixon and Mark W. Everson's ("Defendants") Motion to Dismiss [9].

**I.    BACKGROUND**

On January 23, 2007, Plaintiff filed this declaratory judgment action against Defendants regarding the Internal Revenue Service's ("IRS") alleged "illegal use of power" against him and arguing that the summons and various liens issued against him are null and void. Defendants are employed by the IRS, and Plaintiff's claims against them arise out of their conduct in connection with the performance

of their duties on behalf of the IRS.  Plaintiff brings the action against Defendants in their individual capacity.[1]

On July 5, 2007, Plaintiff filed a Motion for Default Judgment, asking the Court to enter judgment against Defendants because they have not answered the Complaint.[2]  On July 9, 2007, Defendants filed this Motion to Dismiss, arguing that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the case should be dismissed because Defendants have not been served properly as required by the Federal Rules.

Rule 4(i)(2)(B) requires a plaintiff suing a federal employee in his individual capacity for "acts or omissions occurring in connection with the performance of duties on behalf of the United States," to serve a copy of the summons and complaint on the United States Attorney for the district in which the action is brought, and on the United States Attorney General, in addition to the individual defendant.  Fed. R. Civ. P. 4(i)(2)(B).  Although Plaintiff has served the individual

---

[1] Plaintiff states that his claims are asserted against Defendants in their "personal and private" capacity.

[2] Plaintiff, who is proceeding *pro se*, also refers to his motion as a motion for judgment on the pleadings.  After reading Plaintiff's filings, the Court interprets Plaintiff's motion as one for default judgment.

defendants in this case, he has not served the United States Attorney General or the United States Attorney's Office for the Northern District of Georgia.

Plaintiff, who is proceeding *pro se*, argues that Defendants' Motion to Dismiss is untimely and that he is not bound by Rule 4 because the IRS is not an agency of the United States.  He is incorrect on both counts.  First, Defendants are federal employees because the IRS is a federal agency.  <u>Chrysler Corp. v. Brown</u>, 441 U.S. 281, 297 n.23, (1979) (noting that the IRS is an agency that was established by an act of Congress); <u>Korman v. United States</u>, 2007 U.S. Dist. LEXIS 7776 (S.D. Fla. Feb.2, 2007) (holding that it is "clearly established" that the IRS is a federal agency created by an act of Congress); <u>Maicon v. IRS</u>, 2005 U.S. Dist. LEXIS 17601 (N.D. Ga. Aug. 2, 2005) ("[T]he IRS is a federal agency.").  Second, Rule 12 of the Federal Rules of Civil Procedure does not require a federal officer who is sued in his individual capacity to respond to a complaint until after the United States Attorney has been served:

> An officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States shall serve an answer to the complaint or cross-claim–or a reply to a counterclaim–within 60 days **after service on the officer or employee, or**

> **service on the United States attorney, whichever is later**.

Fed. R. Civ. P. 12(a)(3)(B) (emphasis added).  Thus, Defendants are not untimely in filing their motion to dismiss.  The Court finds that Plaintiff has not complied with the requirements of Rule 4, and service of Defendants has not been properly effected.

Dismissal, however, is not the appropriate remedy at this stage. Rule 4(i)(3) states that the Court "shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve . . . the United States in an action governed by Rule 4(i)(2)(B), if the plaintiff has served an officer or employee of the United States sued in an individual capacity."  Fed. R. Civ. P. 4(i)(3)(B).  Since Plaintiff has served the Defendants individually, the Court will allow Plaintiff up to and including October 12, 2007, to effect service upon the United States in accordance with Rule 4(i).  After this time, if Plaintiff has not properly effected service, this case should be dismissed for improper service of process.

### III. CONCLUSION

Accordingly,

Plaintiff's Motion for Default Judgment [8] is **DENIED**. Defendants' Motion to Dismiss [9] is **GRANTED** in part and **DENIED** in part in accordance with the terms of this Order. Plaintiff's Motion to Strike the Motion to Dismiss [10] is **DENIED**. Plaintiff has until October 12, 2007 to effect service of the Complaint in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.

**SO ORDERED** this 12th day of September, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE