IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JASON C. ANDERSON,

                Plaintiff,

v.                                                              1:07-cv-0192-WSD

MICHAEL L. COUNTS,
CHERYL LYNN MIXON, and
MARK W. EVERSON,

                Defendants.

**OPINION AND ORDER**

The matter is before the Court on Plaintiff Jason C. Anderson's ("Plaintiff") Motion to Alter or Amend Judgment, or Alternatively, Motion for Relief from Judgment [14], the Defendants' Renewed Motion to Dismiss [16], and Plaintiff's Mandatory Judicial Notice [18].[1]

**I.     BACKGROUND**

On January 23, 2007, Plaintiff, acting pro se, filed this declaratory judgment action against Defendants regarding the Internal Revenue Service's ("IRS")

---

[1] Plaintiff appears to reiterate the same arguments in his Mandatory Judicial Notice as he has previously made in the Motion to Alter or Amend Judgment. The Court construes Plaintiff's Mandatory Judicial Notice as additional arguments in support of the Motion to Alter or Amend Judgment.

alleged "illegal use of power" against him and arguing that the summons and various liens issued against him are null and void.  Defendants are employed by the IRS, and Plaintiff's claims against them arise out of their conduct in connection with the performance of their duties on behalf of the IRS.  Plaintiff brings the action against Defendants in their individual capacities.

On September 12, 2007, the Court entered an Order requiring Plaintiff to effect service upon the Defendants by serving the United States Attorney for the Northern District of Georgia and the United States Attorney General, in accordance with the service requirements of Fed. R. Civ. P. 4(i)(1), (i)(3).  The Court granted Plaintiff up to and including October 12, 2007 to effect service upon the United States in accordance with Fed. R. Civ. P. 4(i).  The Court specifically advised Plaintiff that, "[a]fter this time, if Plaintiff has not properly effected service, this case should be dismissed for improper service of process."  Order [13] at 4.

On September 21, 2007, Plaintiff filed a Motion to Alter or Amend Judgment, or Alternatively, Motion for Relief from Judgment [14].

On October 22, 2007, Defendants renewed their Motion to Dismiss for insufficient service of process [16].  Plaintiff has not responded to the renewed Motion to Dismiss.

## II.     DISCUSSION

### A.     Plaintiff's Motion for Reconsideration

Plaintiff mistakenly files his Motion to Alter or Amend Judgment, or Alternatively, Motion for Relief from Judgment [14] under Federal Rules 59(c) and 60(b).  Neither of those rules apply to this case.  Rule 59(c) provides time limits for the service of affidavits in support of a motion for a new trial.  Plaintiff may have intended to assert Rule 59(e), which provides for motions to alter or amend judgment.  That rule does not apply because no judgment of any kind has been entered it this case.  Indeed, the only ruling to date simply advised Plaintiff that he had failed to properly effect service of process upon the defendants he has chosen to sue and granted him one month to effect proper service.

Rule 60(b) provides for relief from a final judgment, order or proceeding on the basis of, among other things, mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, or fraud.  Fed. R. Civ. P. 60(b).  Plaintiff has raised no such grounds in his Motion to Alter or Amend Judgment.  Plaintiff's argument seems to concentrate instead on asserting that the Court mis-cited and mis-applied governing law in its original Order.  That sort of argument is not properly before the Court on a Motion to Alter Judgment.

The Court construes Plaintiff's motion as a Motion for Reconsideration of the Court's prior Order.  The Court does not routinely grant motions for reconsideration.  LR 7.2E, NDGa.  A motion for reconsideration is appropriate only where there is:  (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd 87 F.3d 1242 (11th Cir. 1996).  A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion.  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

Plaintiff's arguments for reconsideration lack merit.  First, the Court's prior Order is plainly not a final judgment subject to appeal under 28 U.S.C. § 1291 because it does not dispose of Plaintiff's claims.  Hudson v. Hall, 231 F.3d 1289,

1292 n.1 (11th Cir. 2000); Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). To the contrary, the Order specifically provided Plaintiff an avenue to *pursue* his claims. The Order is also not an interlocutory order appealable under the collateral order doctrine because it does not finally determine any claim or prevent review of Plaintiff's arguments upon final judgment. In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 534 (11th Cir. 1991). Nor does the Order determine a question which is "fundamental" to further conduct of the case. Atl. Fed. Sav. & Loan Ass'n of Ft. Lauderdale v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989). All the Order did was explain to Plaintiff the service mechanisms that must be followed in this case and provide Plaintiff with a reasonable avenue for fulfilling those requirements.

Plaintiff is also incorrect in his reiterated assertion that Defendants are not federal employees because the IRS is not a federal agency. It is "clearly established" that the IRS is a federal agency created by Congress. Korman v. United States, No. 06-80848-CIV-COHN, 2007 WL 404041, at *1 n.2 (S.D. Fla. Feb. 2, 2007). The passage cited by Plaintiff from Chrysler Corp. v. Brown, 441 U.S. 281, 297 n.23 (1979), does not support Plaintiff's argument; rather, it points directly to the statute by which Congress created the predecessor to the IRS. See

also, Maicon v. Internal Revenue Service, No. 1:04-CV-2332-CC, 2005 WL 2176115, at *2 (N.D. Ga. Aug. 2, 2005 ) ("the IRS is a federal agency and may not be sued in its own name except to the extent authorized by Congress").  Since Plaintiff sued federal employees for claims over "an act or omission occurring in connection with duties performed on the United States' behalf," Fed. R. Civ. P. 4(i)(3), Plaintiff must comply with the service requirements of Rule 4(i).

Having raised no valid grounds for reconsideration of the Court's prior Order, Plaintiff's Motion to Alter or Amend Judgment [14] is denied.

### B. Defendants' Renewed Motion to Dismiss

Defendants' Renewed Motion to Dismiss [16] argues that Plaintiff has not effected service of process on the United States Attorney for the Northern District of Georgia or the United States Attorney General pursuant to the Court's prior Order.  Plaintiff has not responded to this motion, and the Court deems the motion unopposed.  LR 7.1B, NDGa.

The Court allowed Plaintiff one month to effect service properly under Fed. R. Civ. P. 4(i).  The Court clearly explained to Plaintiff the proper procedures for doing so.  Plaintiff disregarded the Court's Order and has failed to effect service of process upon either the United States Attorney for the Northern District of Georgia

or the United States Attorney General. Defs.' Renewed Mot. to Dismiss [16] at ¶¶ 8-9. The Defendants have not properly been served with process, and the Court is required to dismiss this case.

### III.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Judgment, or Alternatively, Motion for Relief from Judgment [14] is **DENIED**. Defendants' Renewed Motion to Dismiss [16] is **GRANTED**. The Clerk is **INSTRUCTED** to dismiss this action without prejudice.

**SO ORDERED** this 30th day of January 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE